**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Belcher, et al., | No. CV-24-01067-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark R Tasset, et al., | |
| Defendants. | |

    Plaintiffs Charles and Nicole Allison Belcher are spouses representing themselves in this lawsuit. The Amended Complaint (Doc. 11) asserts two claims against Defendant Mark R. Tasset, a physician. Count One is a claim for medical negligence, brought by Plaintiff Charles Belcher. (*Id.* at 9.) Count Two is a claim for loss of consortium and companionship, brought by Plaintiff Nicole Allison Belcher. (*Id.* at 10.) The Amended Complaint alleges the existence of both federal question and diversity jurisdiction. (*Id.* at 2.) On review, the Court finds two infirmities that will need to be addressed before this case may proceed further.

**I.     Subject-Matter Jurisdiction**

    Unlike state courts, which are courts of general jurisdiction, federal courts have limited subject-matter jurisdiction. Under 28 U.S.C. § 1331, federal courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. The Belchers claim that this case implicates a federal question because the Due

Process Clause of the Fourteenth Amendment protects an individual's decision to refuse life-sustaining medical procedures. (*Id.* at 2.) But the Belchers do not bring a claim under 42 U.S.C. § 1983 for violations of their Due Process rights under the Fourteenth Amendment, nor does it appear they could. Section 1983 creates action against any person who, *acting under color of state law*, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *See Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). "[T]he Due Process Clause generally restricts only government actors," though "a plaintiff can . . . assert a due process claim against a private actor whose conduct amounts to state or federal action." *Pandya v. Bank of Am.*, No. C23-1947JLR, 2024 WL 519178, at *4 (W.D. Wash. Feb. 9, 2024). Nothing in the Amended Complaint suggests that Dr. Tasset was a government actor when he treated Mr. Belcher. Instead, the Belchers bring two purely state law tort claims: one for medical negligence, the other for loss of consortium. These claims do not arise under federal law and, therefore, the Court does not have federal question jurisdiction.

Though state law claims ordinarily are litigated in state courts, under 28 U.S.C. § 1332, federal courts have jurisdiction over civil actions in which each defendant is a citizen of a different state from each plaintiff, and in which the amount in controversy exceeds $75,000. *See Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). The Amended Complaint meets the amount-in-controversy threshold because is seeks millions of dollars in damages. (Doc. 11 at 11.) Less clear, however, is whether the Belchers are citizens of a different state than Dr. Tasset.

To start, the Amended Complaint does not allege Dr. Tasset's citizenship. The Court can reasonably infer that Dr. Tasset is a citizen of Arizona because the Amended Complaint alleges that the acts complained of occurred at Banner University Medical Center in Phoenix (*Id.* at 2), and because the summons lists a Phoenix address for Dr. Tasset (Doc. 7). But for clarity, the Amended Complaint should specifically allege Dr. Tasset's citizenship.

Assuming Dr. Tasset is an Arizona citizen, this Court has diversity jurisdiction only

if the Belchers are not Arizona citizens. And this is where the Court encounters a problem.

> [A] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted). The Amended complaint is ambiguous about the Belchers' citizenship. It alleges that, at the time of injury, the Belchers lived in Phoenix. But it states that they have been living in Chicago, Illinois, for the past year "for medical treatments and to be close to Neurosurgeons." (Doc. 11 at 2.) It is unclear, then, where the Belchers' permanent home is. The Amended Complaint could be read in one of two ways: (1) that the Belchers used to be citizens of Arizona but now permanently reside in Illinois or (2) that the Belchers are citizens of Arizona and intend to return here but are temporarily living in Illinois to be closer to the doctors from whom Mr. Belcher currently is receiving medical treatment. If the Belchers' permanent home is here in Arizona, and if they intend to return here after Mr. Belcher completes his medical treatments in Illinois, then there is no diversity jurisdiction because the Belchers and Dr. Tasset all are citizens of Arizona. If there is no diversity jurisdiction, then this case belongs in state, not federal, court. But if the Belchers have permanently relocated to Illinois and intend to remain there, rather than return to Arizona, then there is diversity jurisdiction. But at this time the Court cannot determine whether it has subject-matter jurisdiction because the Amended Complaint is ambiguous.

## II. Self-Representation

Although a person can represent himself or herself in federal court, "a non-lawyer has no authority to appear as an attorney for others than himself [or herself]." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (internal quotation and citation omitted). Nothing in the record indicates that either of the Belchers are attorneys. What this means is Mrs. Belcher can represent *herself* in litigating *her* loss of consortium claim, but she cannot represent *Mr. Belcher* in litigating *his* medical negligence claim. Likewise, Mr. Belcher can represent *himself* in litigating *his* medical negligence claim, but he cannot

represent *Mrs. Belcher* in litigating *her* loss of consortium claim.

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." In reviewing the filings in this case, the Court observes that none are signed by Mr. Belcher. The original complaint (Doc. 1 at 9), the Request By Non-Prisoner Pro Se Party for Electronic Noticing (Doc. 2), the Motion to Allow Electronic Filing By a Party Appearing Without an Attorney and Supporting Information (Doc. 3 at 3, 7), and the Amended Complaint (Doc. 11 at 11) all are signed only by Mrs. Belcher. This does not comply with Rule 11 because Mrs. Belcher is not an attorney, she cannot represent Mr. Belcher, and, as a self-represented party, Rule 11 requires Mr. Belcher to sign every, written motion, or other paper filed in his name.

Considering these infirmities,

**IT IS ORDERED** that, by no later than **June 19, 2024**, the Belchers must either (1) show cause in writing why this case should not be dismissed for lack of subject-matter jurisdiction or (2) file a second amended complaint that properly pleads diversity jurisdiction and that is signed by both Mr. and Mrs. Belcher. The Clerk of the Court is directed to dismiss this case for lack of subject-matter jurisdiction if the Belchers fail to comply with this order within the deadline specified herein.

Dated this 21st day of May, 2024.

Douglas L. Rayes
United States District Judge