WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Belcher, et al., | No. CV-24-01067-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark R Tasset, et al., | |
| Defendants. | |

This is a medical negligence action stemming from care that Plaintiff Charles Belcher received at Banner University Medical Center in May 2022. Plaintiffs filed their initial complaint on May 9, 2024. (Doc. 1.) They filed an amended complaint on June 19, 2024, correcting a jurisdictional discrepancy. (Doc 20.) Then, on November 4, 2024, they filed a second amended complaint ("SAC"), which added a claim titled "Medical Gaslighting" against a new Defendant, Charles Belcher's former spouse Felisha D'Alesse Barr. (Doc. 45.) The crux of the claim against Barr is that she causally contributed to Mr. Belcher's injuries by allegedly authorizing the medical treatment on his behalf despite knowing that she no longer had the authority to do so.

Barr moves to dismiss the complaint against her pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 49), and that motion is fully briefed (Docs. 53, 54). Rule 12(b)(6) permits the dismissal of a complaint that is not based on a cognizable legal theory or that lacks sufficient facts to state a plausible claim under an otherwise cognizable legal theory.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Barr contends that "[t]he allegations, so framed, do not even state a cognizable claim against [her]," (Doc. 49 at 1) but she does not move for dismissal on that basis.[1] Instead, Barr argues that dismissal is warranted because, even assuming the allegations against her could state a claim under a cognizable legal theory, the claim cannot plausibly succeed because the statute of limitations has run. (*Id.* at 2-3.)

Dismissal on statute of limitations grounds is appropriate if the untimeliness is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Such is the case here. Barr contends that Arizona's two-year statute of limitations for personal injury actions, A.R.S. § 12-542, applies to the allegations against her (Doc. 49 at 2), and Plaintiffs do not argue otherwise. According to the SAC, Barr authorized treatment on Charles Belcher's behalf on May 16 or 17, 2022, a fact Plaintiffs learned on May 17, 2022, from a text message sent by Barr's mother. (Doc. 45 ¶¶ 4, 15, 44.) The SAC further alleges that Plaintiffs learned of the alleged medical negligence on July 18, 2022. (*Id.* ¶ 29.) Thus, assuming "medical gaslighting" is a cognizable legal claim, the statute of limitations began to run as to Barr on July 18, 2022, when Plaintiffs' learned that they had been harmed by the alleged medical negligence and that Barr had allegedly authorized the treatment on Charles Belcher's behalf. Plaintiffs did not bring their "medical gaslighting" claim against Barr until November 4, 2024, which is more than two years after any personal injury claim would have accrued. Although Plaintiffs, in their response brief, argue that Barr caused them harm and that "genuine issues of material facts" exist (Doc. 53 at 1), they do not develop any counterargument to the statute of limitations issue raised in Barr's motion.

Because the personal injury claim against Barr is untimely based on the allegations in the SAC,

---

[1] The Court has been unable to locate any decision from any jurisdiction in the country recognizing "medical gaslighting" as a cause of action.

**IT IS ORDERED** that Barr's motion to dismiss (Doc. 49) the claim against her is **GRANTED**.

Dated this 19th day of February, 2025.

Douglas L. Rayes
Senior United States District Judge