**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Belcher, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Mark R Tasset, et al., <br><br> Defendants. | No. CV-24-01067-PHX-DLR <br><br> Consolidated with: <br> Case No. CV-24-01083-PHX-DLR <br><br> **ORDER** |

Before the Court are Defendant Banner University Medical Center's ("Banner") Motion to Compel Plaintiff's Preliminary Expert Affidavit (Doc. 137) and Notice of Non-opposition to Motion to Compel Plaintiff's Preliminary Expert Affidavit (Doc. 138). For the following reasons, the Court grants the motion.

**I.    Background**

This is a medical negligence action stemming from care that Plaintiff Charles Belcher received at Banner University Medical Center in May 2022. Plaintiffs' second amended complaint ("SAC") contains four claims for relief: medical negligence, medical battery, loss of consortium and companionship, and medical gaslighting. (Doc. 45 ¶¶ 31-44.) In relevant part, the SAC alleges that on May 15, 2022, Charles was admitted to Banner University Medical Center and that Banner performed a venoarterial extracorporeal membrane oxygenation ("VA ECMO") without Charles's consent, resulting in permanent injuries. (*Id.* ¶¶ 4, 6, 31-36.)

On August 5, 2025, the parties filed a joint statement of discovery dispute. (Doc. 132.) Banner asserted that Plaintiffs must disclose an expert witness for the medical negligence claim and sought leave to file a motion to compel such an affidavit. (Doc. 132 at 2-3.) Plaintiffs contended that an expert witness is not necessary for that claim. (Doc. 132 at 5.) The Court held a discovery hearing on August 7, 2025, after which it directed Banner to file a motion to compel by August 18, 2025, with a response due from Plaintiffs by August 29, 2025. (Doc. 134.) Banner timely filed its motion to compel (Doc. 137) but Plaintiffs did not file a response (*see* Doc. 138).

**II.   Analysis**

As a preliminary matter, because Plaintiffs did not file a response brief opposing the motion, Local Rule of Civil Procedure 7.2(i) allows the Court to treat their non-responsiveness as a consent to the granting of the motion. Nonetheless, the Court chooses to also address the merits.

Plaintiffs construe, and Banner understands, their medical negligence claim to be based on a theory of lack of informed consent. A.R.S. § 12-2603 governs medical malpractice claims, including those based on a lack of informed consent. *Gorney v. Meaney*, 150 P.3d 799, 803 (Ariz. Ct. App. 2007).

Under § 12-2603(A), a plaintiff must certify in a written statement at the outset of the case "whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim." If the plaintiff certifies that expert testimony is necessary, he must "serve a preliminary expert opinion affidavit" that addresses the expert's qualifications, summarizes the factual basis for the claim, explains why the health care professional's conduct constituted "a violation of the applicable standard of care," and explains why the health care professional's conduct "caused or contributed to the damages or other relief sought by the claimant." § 12-2603(B). But if the plaintiff disagrees that expert testimony is necessary, the opposing party move for "an order requiring the claimant . . . to obtain and serve a preliminary expert opinion affidavit." § 12-2603(D). In that circumstance, the court must determine whether a preliminary expert

affidavit is required. § 12-2603(E).

Here, Plaintiffs did not certify a written statement pursuant to § 12-2603(A) or serve a preliminary expert opinion affidavit pursuant to § 12-2603(B). Banner has filed a motion to compel Plaintiffs to provide a preliminary expert affidavit under § 12-2603(D) and thus, the Court must decide whether such an affidavit is necessary in this case.

The Arizona Supreme Court recently confirmed that § 12-2603 requires expert testimony in lack of informed consent cases. *Francisco v. Affiliated Urologists Ltd.*, 553 P.3d 867, 873 (Ariz. 2024). Expert testimony is required both to establish the standard of care and causation. "Arizona courts have long held that the standard of care normally must be established by expert medical testimony." *Seisinger v. Siebel*, 203 P.3d 483, 492 (Ariz. 2009). Similarly, "expert medical testimony is normally required to establish proximate cause." *Ryan v. San Francisco Peaks Trucking Co. Inc.*, 262 P.3d 863, 870 (Ariz. Ct. App. 2011) (citation omitted).

The only exceptions to § 12-2603's requirement for expert testimony is where "the negligence is so grossly apparent that a layman would have no difficulty in recognizing it," *Francisco*, 553 P.3d at 873 (quotation omitted), or where the "causal relationship is readily apparent to the trier of fact," *Ryan*, 262 P.3d at 870 (citation omitted). Plaintiffs' medical negligence claim does not fall within either exception.

Plaintiffs allege that Banner breached the standard of care by performing the VA ECMO without consent. (Doc. 45 ¶ 31.) Although the facts are disputed at this point, the negligence is not so grossly apparent that an expert is not required to establish the standard of care. Banner had to evaluate the risks and benefits of performing the VA ECMO under the circumstances and the informed consent required should "be established by expert testimony in accordance with the applicable standard of medical care." *Francisco*, 553 P.3d at 874 (quotation omitted). Plaintiffs need an expert to establish the standard of care.

Plaintiffs also allege that Banner's breach caused various harms. (Doc. 45 ¶¶ 33-36.) The causal relationship between the alleged lack of informed consent and the alleged harms is not so readily apparent that the requirement for an expert is eliminated.

"[P]laintiffs alleging lack of informed consent must show two types of causation: 1) adequate disclosure would have caused the plaintiff to decline the treatment, and 2) the treatment proximately caused injury to the plaintiff." *Gorney*, 150 P.3d at 805 (citation omitted). Plaintiffs here do not need an expert for the first type of causation, as they could testify to this matter themselves. *See id.* But Plaintiffs do need an expert to establish that the VA ECMO proximately caused the alleged injuries rather than, for example, "the progression of a pre-existing condition or . . . some other cause, such as natural aging or a subsequent injury." *Id.* at 805.

Thus, the Court will order Plaintiffs to serve and file a preliminary expert affidavit to support their claim of medical negligence against Banner. The affidavit must be filed and served by no later than October 29, 2025. If Plaintiffs fail to comply, the Court will dismiss the medical negligence claim. *See* § 12-2603(F).

**IT IS ORDERED** that Banner's Motion to Compel Plaintiff's Preliminary Expert Affidavit (Doc. 137) is **GRANTED**. By no later than October 29, 2025, Plaintiffs must file and serve a preliminary expert affidavit to support their medical negligence claim against Banner.

Dated this 9th day of September, 2025.

Douglas L. Rayes
Senior United States District Judge

- 4 -